UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **65 CADILLAC SQUARE JPMC 2006-CIBC14 REO, LLC,** an Ohio limited liability company<br><br>Plaintiff,<br><br>vs.<br><br>**DTWR, LLC,** et al.<br><br>Defendants | Case No: 2:09-cv-13299-RHC-VMM<br><br><br><br>Hon.: Robert H. Cleland |

| | |
|---|---|
| James L. Allen (P28182)<br>Eric C. Bartley (P69792)<br>**MILLER, CANFIELD, PADDOCK AND STONE, PLC**<br>840 West Long Lake Road, Suite 200<br>Troy, Michigan 48098<br>Attorneys for Plaintiff<br>(248) 267-3285 | Joseph K. Grekin (P52165)<br>**SHAFER AND WEINER, PLLC**<br>40950 Woodward Avenue, Suite 100<br>Bloomfield Hills, Michigan 48304<br>Attorney for Defendant<br>(248) 540-3340 |

### ORDER ALLOWING FINANCIAL MONITOR TO DISCLOSE CONFIDENTIAL INFORMATION

At a session of said Court held in Detroit
Michigan on 12/27/2010
Present: Hon. Robert H. Cleland, United States District Judge

This matter having come before the Court, the Court being fully advised in the premises;

The Court finds that it is in the best interest of all parties to allow the Plaintiff to disclose certain financial information from the operation of the Cadillac Tower by the Financial Monitor to prospective purchasers of Plaintiff's commercial mortgage loan; and, therefore,

IT IS ORDERED that the Plaintiff may disclose all necessary financial information from the operation of the Cadillac Tower by the Financial Monitor to prospective purchasers of Plaintiff's commercial mortgage loan;

IT IS FURTHER ORDERED that all financial information provided pursuant to this Order shall only be provided by Plaintiff pursuant to the Confidentiality Agreement attached to this Order as **Exhibit 1**.

  S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: December 27, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 27, 2010, by electronic and/or ordinary mail.

  S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

Investor Representative Initial: \_\_\_\_

# EXHIBIT 1
# CONFIDENTIALITY AGREEMENT
## Investor Confidentiality Agreement

This Investor Confidentiality Agreement (the "Agreement") is made and agreed to by the undersigned (the "Investor") in favor of Highland Financial, Inc., a California corporation (the "Company"), and the firm that has retained the Company to offer a loan on its behalf (the "Client").

The Investor understands that the Company is prepared, in connection with the potential sale of a certain loan (the "Loan") to furnish to the Investor for review, upon its request and subject to certain conditions, certain information (the "Information"), which is confidential, proprietary or otherwise not generally available to the public. Such Information may include, among other things, documents, files, appraisals, reports, loan summaries, collateral analyses or valuations, customer information and other written and electronic information and data relating to the Loan.

As a condition to, and in consideration of, the Company's furnishing the Information to the Investor, the Investor agrees as follows:

1. <u>Non-disclosure of Information</u>. Until the earlier of (1) 12 months from the date of this Agreement, (2) the latest date of the destruction of the Information by the Investor and provision of written notification thereof to the Company, and (3) the date Company sells the Loan, the Information, shall, except as otherwise provided in Sections 2 and 3 hereof: (a) be kept confidential by the Investor and (b) not be used by the Investor or any of its affiliates or Representatives (as defined below) other than in connection with the Investor's determining its interest in purchasing the Loan as a principal. The Investor may, however, disclose the Information to any of its directors, officers, employees, agents, partners or representatives, including without limitation any accountants, attorneys and financial advisors ("Representatives"), insofar as such Representatives are not already aware thereof, but only if such Representatives reasonably need to know the Information in connection with the Investor's determining its interest in purchasing the Loan as a principal. The Investor shall (a) inform each of its Representatives receiving the Information of the confidential nature of the Information and of this Agreement, (b) direct its Representatives to treat the Information confidentially and not to use it other than in connection with the Investor's determining its interest in purchasing the Loan as a principal and (c) be responsible for any Liabilities (as defined below) of any kind or nature incurred by or on behalf of the Company and by or on behalf of the Client arising out of any improper use or disclosure of the Information by the Investor, any of its affiliates or Representatives or any other person or entity that may have gained access to the Information directly or indirectly through or as a result of the Investor or any of its affiliates or Representatives. The Investor agrees and acknowledges that customer information is a subset of

Investor Representative Initial: \_\_\_\_

the Information and requires special protections and the Investor shall only disclose customer information as necessary and only to those parties authorized herein.  The Investor shall implement appropriate measures to ensure the security and confidentiality of all customer information in its possession from time to time, including protections against any anticipated threats or hazards to the security or integrity of customer information and protection against unauthorized access to or use of customer information that could result in substantial harm or inconvenience to any customer of the Client.  Upon the request of the Client, the Investor shall supply the Client from time to time with written confirmation of compliance with this Section.

2. <u>Notice Preceding Compelled Disclosure</u>.  If the Investor or any of its affiliates or Representatives is requested to disclose any Information other than as permitted hereby, the Investor shall promptly notify the Company to permit the Company and/or the Client to seek a protective order or take other appropriate action.  The Investor shall also cooperate in the Company's and/or Client's efforts to obtain a protective order or other reasonable assurance that confidential treatment will be accorded the Information at no cost to the Investor.  If, in the absence of a protective order, the Investor or any of its affiliates or Representatives is compelled as a matter of law to disclose the Information, the Investor or such affiliate or Representative may disclose to the party compelling disclosure only the part of the Information as is required by law to be disclosed but only after giving prompt prior written notice thereof to Client and the Company.

3. <u>Treatment of Information</u>. The Investor shall not, and shall not authorize any other person or entity to, make any reproductions, other than handwritten summaries or notes and self-generated computer records, of any item of the Information, without the prior written consent of the Company.  If the Investor elects not pursue an acquisition of the Loan or the Client elects not to sell the Loan or not to sell the Loan to the Investor or if negotiations otherwise cease, the Investor and its affiliates and Representatives promptly will destroy or delete all copies of the Information, unless otherwise directed by the Company.  That destruction or deletion shall be confirmed in writing to Company.

4. <u>Public Information</u>.  The confidentiality provisions of this Agreement will not apply to such portions of the Information that (a) are or become generally available to the public through no action by the Investor, any of its Representatives or any other person or entity that may have gained access to the Information directly or indirectly through or as a result of the Investor or any of its Representatives or (b) are or become available to the Investor on a non-confidential basis from a source other than Company that is not prohibited from disclosing such portions to the Investor by a contractual, legal or fiduciary obligation.

5. <u>Indemnity</u>.  The Investor shall indemnify the Company and the Client and hold each of them harmless against any and all claims, causes of action, demands, liabilities, damages, costs and expenses (collectively, "Liabilities") of any kind or nature (including, without limitation, all reasonable attorneys' fees and costs before and at trial and at all appellate levels, as

Investor Representative Initial:  \_\_\_\_

the case may be) incurred by or on behalf of the Company and by or on behalf of the Client, respectively, due to the breach by Investor of this Agreement.

6. <u>Client, Borrower and Borrower Affiliate Contact</u>. The Investor shall not, and shall not authorize any other person or entity to, communicate with the Client nor any borrower, guarantor or other obligor with respect to the Loan, with the accountants, attorneys or other representatives of any such obligor, or with any person or party, including any appraiser, tenant, managing or leasing agent, business agent or broker, franchisor or distributor, manufacturer or supplier, or environmental consultant or engineering consultant, connected with, related to, or whose name is obtained from the Information with respect to, a Loan, without prior written consent of the Company, which consent may be withheld for any reason or no reason in the sole discretion of the Company.

7. <u>Representations and Warranties; Release from Liability</u>. The Investor acknowledges that neither the Company nor the Client makes any representation or warranty as to the accuracy or completeness of the Information. The Investor agrees that the Company shall have no liability to the Investor or to any of its affiliates or Representatives, relating to or resulting from use of the Information. In furtherance of the foregoing, the Investor hereby releases the Company from any and all liabilities to the Investor and its affiliates and Representatives, relating to or resulting from use of the Information, regardless of when such liabilities may arise. The Investor agrees that the Client shall have no liability to the Investor or to any of its affiliates or Representatives, relating to or resulting from use of the Information, except as may be otherwise provided in an executed purchase and sale agreement relating to the Loan by and between the Client and the Investor and, in furtherance of the foregoing, the Investor hereby releases the Client, subject to the exception described in the foregoing sentence, from any and all liabilities to the Investor and its affiliates and Representatives, relating to or resulting from use of the Information, regardless of when such liabilities may arise.

8. <u>Reliance on Third Party Appraisals and Other Reports</u>. Appraisals, market studies, business plans, collateral analyses, environmental, accounting, engineering and other reports, studies or surveys covering the Loan, the borrower(s) or guarantor(s) of the Loan or the underlying collateral securing the Loan (the "Collateral") prepared by third party appraisal firms and/or other firms, to the extent included in the Information, are for information purposes only and should not be relied upon as indicators of the value or the future performance of the Loan or Collateral or for any other purpose. The Company has not participated in the preparation of these materials, nor have they independently verified the information contained therein. The Investor is expected to conduct all due diligence it deems necessary or appropriate to evaluate the purchase of the Loan, including without limitation, creditworthiness and collateralization, and the Investor acknowledges it has substantial expertise to make such evaluation, and/or will engage necessary professionals to provide such expertise. The Investor shall have no right to rely upon the conclusions or other data set forth in such appraisal or other reports and shall have

Investor Representative Initial: \_\_\_\_

no recourse against either the Company nor the Client in the event of any errors therein or omissions therefrom.

9. <u>Loan Summaries</u>. The Information may contain summaries and other reports prepared by or on behalf of the Company with respect to the Loan and related matters. Such summaries and other reports are not complete and do not purport to contain all material information regarding the Loan that is relevant to a prospective purchase of the Loan. In addition, such summaries and other reports were prepared on the basis of the other Information, and such other Information has not been independently verified by the Company. The Investor shall have no right to rely on the conclusions or other data set forth in such summaries and other reports, should review in its entirety any other Information from which such summaries and other reports were derived, and shall have no recourse against the Company or the Client in the event of any errors in or omissions from any such summaries and other reports.

10. <u>Entire Agreement</u>. This Agreement supersedes all other agreements relating to the Information which have previously been executed by the Investor in favor of the Company.

11. <u>Amendments, Changes and Modifications</u>. This Agreement may be amended, changed or modified only by written instrument signed by both the Investor and the Company.

12. <u>Severability</u>. The invalidity or unenforceability of any one or more phrases, sentences, paragraphs or Sections in this Agreement shall not affect the validity or enforceability of the remaining portions of this Agreement or any part thereof.

13. <u>General Provisions</u>. Section and paragraph headings are not to be considered part of this Agreement. No failure or delay in exercising any right hereunder will operate as a waiver thereof, nor will any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any other right. This Agreement shall be construed and interpreted in accordance with the laws of the State of Michigan. Client and Investor consent to exclusive jurisdiction and venue of Michigan state courts and any federal court located in the Eastern District of Michigan, for any breach or dispute regarding this Agreement, and mutually relinquish all rights to a trial by jury. The individual executing this Agreement on behalf of the Investor represents that he or she is authorized to enter into this Agreement and to legally bind the Investor with respect to the Agreement.

14. <u>Purpose of Review</u>. The Investor represents and warrants that it is reviewing the Information solely in connection with its determining its interest in purchasing the Loan as a principal and not for the purposes of evaluating any other instrument or security. The Investor understands and acknowledges that the execution and delivery of this Agreement does not bind Client to finalize or sell the Loan unless and until an acceptable purchase agreement is signed by Investor and Client. All purchase agreements shall not contain any provisions for holdbacks, escrows, guaranties or indemnities as to collectability of the Loan. Investor understands that

Investor Representative Initial: \_\_\_\_

during the term of the Agreement, Client and the Company are free to market, negotiate and enter into agreements with other parties regarding a sale of the Loan without restriction or limitation.

15. <u>Equitable Relief.</u>  The Investor agrees that a breach of this Agreement will give rise to irreparable injury to the Company and the Client for which damages may not be adequate compensation and consequently the Company and/or the Client shall be entitled, in addition to all other remedies available to them at law or in equity, to injunctive and other equitable relief to prevent a breach of this Agreement and to secure the enforcement of the Agreement.

IN WITNESS WHEREOF, the Investor has executed this Agreement as of the date set forth below.

INVESTOR:

_____

By: _____    _____
Signature of Authorized Representative    Representative Name / Title

_____    _____
Investor Street Address    Phone Number

_____    _____
Investor City, State and Zip Code    Facsimile Number

_____
Date

Description of Loan:  A loan with an outstanding principal balance of approximately $17 million secured by an office building located in the State of Michigan.

18,570,149.3\145821-00002

Investor Representative Initial:  ____

7